IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SANTOSH RAWAT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00183 |
| WARDEN, IAH SECURE ADULT | § | JUDGE MICHAEL J. TRUNCALE |
| DETENTION FACILITY, FIELD OFFICE | § | |
| DIRECTOR, U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT (ICE), | § | |
| HOUSTON AREA OF RESPONSIBILITY, | § | |
| SECRETARY, U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Santosh Rawat ("Rawat")'s *Pro Se* Petition for Writ of Habeas

Corpus (the "Second Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Santosh Rawat is a Nepalese national. [Dkt. 1 at ¶ 13]. On January 26, 2026, United

States Immigration and Customs Enforcement ("ICE") detained Rawat. *Id.* at ¶ 19.

On February 18, 2026, Rawat brought a habeas corpus petition (the "First Petition"), claiming

that that his detention violated the Immigration and Naturalization Act (INA)[1] and the Fifth

Amendment to the United States Constitution.[2] The Court denied Rawat's First Petition on February

27, 2026.[3] Rawat then filed his Second Petition on March 6, 2026. [Dkt. 1]. The Second Petition raises

---

[1] 8 U.S.C. § 1101 et seq.

[2] *See* Petition for Writ of Habeas Corpus, Rawat v. Sanchez, No. 9:26-cv-125 (E.D. Tex. Feb. 18, 2026), Dkt. No. 1.

[3] *See* Order Denying Petition for Habeas Corpus, Rawat v. Sanchez, No. 9:26-cv-125 (E.D. Tex. Feb. 27, 2026), Dkt. No. 4.

the same arguments as the First Petition. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id.*

Here, Rawat's Second Petition re-states all of the arguments contained in his First Petition.[4] Rawat offers no reason why his Fourth-Amendment claim, premised on the supposed illegality of his arrest, could not have been raised in his First Petition. *See* [Dkt. 1]. Accordingly, Rawat's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

---

[4] *Compare* [Dkt. 1] *with* Petition for Writ of Habeas Corpus, Rawat v. Sanchez, No. 9:26-cv-125 (E.D. Tex. Feb. 18, 2026), Dkt. No. 1.

## IV. CONCLUSION

It is therefore **ORDERED** that Rawat's *Pro Se* Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of April, 2026.**

_____
Michael J. Truncale
United States District Judge